IN THE UNITED STATES DISTRCT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WALTER GUTIERREZ-GARCIA**, Petitioner, <br><br> v. <br><br> **J.L. JAMISON,** *et al*. Respondents. | Case No.: 2:25-cv-07343-JLS |

# ORDER

**AND NOW**, this 6th day of January 2026, upon consideration of Walter Gutierrez-Garcia's ("Petitioner") Petition for Writ of Habeas Corpus (ECF No. 1) and the Government's Response in Opposition to Petition for Writ of Habeas Corpus (ECF No. 6), **IT IS HEREBY ORDERED** that the Petition (ECF No. 1) is **GRANTED** as follows:

 1. Walter Gutierrez-Garcia is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

 2. The Government shall **RELEASE** Walter Gutierrez-Garcia from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 5:00 p.m. ET on January 7, 2026.

 3. If the Government chooses to pursue re-detention of Walter Gutierrez-Garcia pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.;

 4. The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.[1]

---

[1] Mr. Gutierrez-Garcia is a native of Nicaragua seeking asylum in the United States. Mr. Gutierrez-Garcia entered the United States in 2022, was encountered by the Department of Homeland Security at the border and allowed to enter the United States. Upon entry he was given a Notice to Appear which has not yet been registered with the immigration court. He has a pending application for asylum and has received work authorization and a social security number. On December 19, 2025, Mr. Gutierrez-Garcia attended a routine check-in at an ICE Office in Philadelphia, PA. ICE agents arrested Mr. Gutierrez-Garcia without a stated justification Mr. Gutierrez-Garcia is presently detained at the Federal Detention Center in Philadelphia.

BY THE COURT:

/s/ Jeffrey L. Schmehl
**JEFFREY L. SCHMEHL**
United States District Court Judge

---

The Government's arguments are familiar. The Government maintains that 8 U.S.C. § 1252(g) bars Petitioner's claim because he challenges the government's action to commence removal proceedings, that 8 U.S.C. § 1252(b)(9) deprives this Court of jurisdiction because Petitioner challenges the government's interpretation of a statutory provision arising from actions taken to remove him from the United States and that 8 U.S.C. § 1252(a)(2)(B)(ii) shields from judicial review discretionary decisions, such as charge determinations regarding inadmissibility. The vast majority of federal courts, including this Court, have rejected these arguments. *See e.g., Buele Morocho v. Jamison,* No. CV 25- 5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila*., No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *CantuCortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025). The Court will not belabor the point: Mr. Gutierrez-Garcia's mandatory detention without the opportunity for a bail hearing is unlawful.